

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO, )
Plaintiff, )
       )   Case NO: 08-C-3948
      v. )   HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK, )

ET ALL Defendants.

## AMENDED MOTION OF RECONSIDERATION PURSUANT TO FOURTEENT AMENDMENT TO US CONTINUTION

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her
Amended Motion of Reconsideration respectfully states the followings:

### Request

    a. Plaintiff respectfully requests to this Hon Court to appoint an attorney for
procedure or any procedure in front of this Hon Court. Hon Judge Guzman did not make
any real effort to appoint an attorney in case 07-6690 as no record of real effort exists.

    b. Plaintiff respectfully requests reconsideration Pursuant to *BankWaunakee v.
Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990), and all rules of this court
appropriate Rule 59, Rule 60(b) [this is amendment motion submitted 07/30/08 pursuant
Rule 15]; Plaintiff respectfully requests to reverse decision to dismiss case with
prejudice, to allow case to continue as plaintiff has right Pursuant Rule 15 to file another
amendments [as plaintiff intends] or to be allowed to submit an amended complaint
therefore plaintiff respectfully requests to Honorable Court to allow case to continue and
to allow plaintiff to submit another compliant as allowed pursuant to Rule 15. There are
more issues of facts and laws which need to be argued. There are new transactions which
require court process. Plaintiff respectfully requests any resonable solution which would
allow plaintiff to continue as appropriate under law. This submission is pursuant to 14th
Amendment to US Constitution.

### BeforeWord

Scenario: consider a picture of Van Goth A1 and an imitation of Van Goth B1 by painter
James; they appear similar in "substance", however they are different with different
values; one was made intentionally to look like Van Goth but it is not Van Goth; order

1

07/18/08 claims picture of James "appears similar in substance" to Van Goth therefore they can not be differentiated by abuse discretion; solution is not "dismissal with prejudice" but "complete evaluation on merit". There is error apprehension *Waunakee*

## Short Argument

Defendants discriminated Waivio in medical services after Middle 2007 based on induced lupus, gender, national origin continuing, willfully repeating same pattern and practice as in facts described in action 07-6690; Irina Goldvekht misconduct Waivio medical services and deny treatment to Waivio; Defendants discriminated Waivio in court procedure 07-6690; majority orders Guzman are "decisions outside adversarial issues presented to Waivio" there is inconsistency between ruling and records; defendants induced Waivio medical health issues and they induced dismissal of case 07-6690, defendants created new injuries therefore they created new transactions and new causes of actions. Issue whether or not new causes of action appear or not appear similar situated to old causes of action needs to be evaluated on merit and court order 07/18/08 is error "erroneous standards applied" by error matter of law and matter of facts; there is sufficient evidence in record that multiple transactions are different and there is necessity of individual merit evaluation of each transaction; Defendants failed Rule 15(b)(1) to prove Waivio's claims prejudice them on merit, imply complaint in 07-6690 did stand merit review; order 07/18/08 is error because there are multiple transactions which requires merit evaluations from multiple points of view [evaluation requires multiple dimensions such as discrimination on disability seen as distinct and individual, discrimination based on national origin seen as distinct and individual and gender discrimination seen as distinct and individual, all are independent issues]and court order is error as abuse of discretion while complaint in 07-6690 did stand merit evaluation. standards applied order07/18/08 are error because issues were reviewed on merit, and Plaintiff's claims stand merit and because new injuries and new transactions imply necessity of complete and more complex merit evaluation with multiple views and conclusions of law as specific to each issue of fact or law.

**It is error "it appearing substance complaints are same"**

It is error "it appearing substance complaints are same" because issues is not whether they appear similar but whether defendants continue repeating pattern and practice of

unlawful discrimination against plaintiff against Waivio right to life and prejudice her
rights. Issue is whether defendants induced a new cause of action and such action
changes the views and opinions. Issue is whether defendants do not stop their practice
and continue and perpetuate their practice and weather there is necessity to stop
defendants and to stop perpetuation of practice to others. Issue raised is that of
perpetuation of practice to others and willful repetition. Another may perpetuate, copy the
practice without existence of liability by application of order 07/18/08; shortly order
07/18/08 encourage defendants to perpetuate and continue practice against 14th
Amendment and federal laws therefore order 07/18/08 is error because court needs to
consider matters on merit with multiple transactions and multiple views.

It is error "it appearing substance complaints are same" because actually issue is whether
significant different complaint needs to be filed based on new facts and new transactions
pursuant *BankWaunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990).
**Recent facts and events in 07-6690 proves** Waivio's national origin, induced disability,
gender [class expecations of female behavior] are falsely interpreted by counselors [and
judges]as "impairments" of federal legal actions or are falsely used with purposes of
"dismiss withy prejudice", depravation of right to remedy, justice. Plaintiff believes
action 07-6690 was dismissed because of false fears and stereotypes about "lupus
disability" or about "false stereotypes of female behavior" or false stereotype of racial
national groups. Defendants did not conform with safe harbor provisions as they did not
allow 60 days time for issues and they refused discussion means of solution. Majority
orders of court were starting 06/17/08 till 07/18/08 in about one month, and no other
significant order was outside of this time; court did not provide warnings or advice.
**Plaintiff declares under oath** on 08/13/08 plaintiff discussed with Anjaly DAyla over
phone and she threatened plaintiff claiming Plaintiff's actions for remedy of any type in
federal court are "futile" predicted without any result; such threatens are similar situated
to threatens of Counselors Hellerman of UIC in 2005 which were reported in case 06-
7189; Anjaly declared to plaintiff attorneys discriminate against people with disabilities,
gender, national origin in court procedure by falsely using  such falsely regarded
"disadvantages impairments"; imply Dayal Anjaly declared that defendants discriminate
Waivio based on her induced disability, national origin ,gender because these

3

characteristics are falsely regarded as impairments of activities in federal court. Which is
transformed in pattern and practice of total refusal of legal rights to Waivio because it is
perpetuated and willfully entertained by defendants. Judge Guzman proposed an attorney
but did not offer time and opportunity of attorney imply Plaintiff suffered adverse actions
and effect based on attitude of attorneys towards disabled, national groups and female in
court and such actions continue absent correction of district court. Shortly present action
is necessity because it is necessary correction of practice as to stop actions of injury
against plaintiff. plaintiff was deprived of opportunity of procedure for remedy In
violation of 14th Amendment in 07-6690 therefore present actions is necessary because
defendants practice continue and create harm and induce damages to plaintiff.

**Defendants treated plaintiff 07-6690 as criminal while they treated others favorably**
Counselors as proved in records of court treat others, not disabled, not Romanians, male
in nice gentle way see all other cases with same counselors. Counselors for defendants
treat plaintiff in 07-6690 similar situated to Pro Se defendants in criminal court. Majority
of orders in case 7-6690 were ruling based on issues outside adversarial issues presented
to Waivio; defendants called chambers of Judge Guzman and presented issues of facts
and laws without notice and advise to Waivio and court introduced ruling without Waivio
knowledge and participation; most frequent is violation of right to notice and advice
against US Constitution by defendants and this is false inappropriate copied practice from
Criminal court. Shortly actions of counselors in 07-6690 appear similar situated to
actions of counselors in criminal court where counselors called "district attorney or
prosecutor" and establish charges without notice and advice to Pro SE. Defendants
refused medical care and treatment or medication and this is similar treatment how
persons in prison are treated; also violation of safe harbor provisions to foreigners and to
person requiring medical treatment is more frequent in Pro Se criminal court imply
defendants practice is copy of actions and practice of severe treatment in state prison.
Defendants claims against Section 1983 evidently are defeated by proving connection to
UIC and similar situated practices to "state prison"; So actions of defendants in 07-6690
were similes situated to actions of counselors in criminal court or "state criminal court"
or state prisons; defendants imply they copy the practices of state; they imply defendants
misclassify plaintiff as criminal and falsely and inappropriately treated plaintiff as

4

criminal. Injuries made to plaintiff's body are not retaliation or conspiracy[because such
conduct continued after dismissal of cases 07-6690 and present case or after dismissal of
charges against UIC] is discrimination based on Waivio disability, national origin, gender
regarded as "impairments" in federal procedure; false association of Waivio protected
chartertics [inclusion records in federal court] to criminals. Plaintiff has no criminal
record[it appears federal records in pro se representation are falsely interpreted as
criminal record]; issue is not "Waivio is not criminal"; issues is whether defendants
appears falsely relate Waivio to criminals and severely treated plaintiff comparative to
others not in Waivio's protected class; whether Waivio was falsely inappropriately
misclassified based on national origin disability gender and false relation to criminals.
Because of false association made by defendants plaintiff was practically deprived of
procedure of remedy in 07-6690; orders of case 07-6690 do not reflect Waivio
participation as Plaintiff in civil action, therefore Waivio was deprived of procedure in
07-6690 against 14th Amendment and rules of civil procedure. Because defendants
practice is similar situated to criminal practice evidently about any sensible federal rule
of civil procedure in 07-6690 was denied with respect to Waivio . Issue of present motion
is that "it appears Waivio did not participate to civil action 07-6690" and all process of
remedy was completely denied to Waivio, because defendants denied all means. Putting
together defendants denial of means to Waivio and reaction of court to this imply
complete denial of procedure in violation of 14th Amendment to US Constitution.
Motion of reconsideration is appropriate when court ruling is outside issues presented to
Waivio, orders of case 07-6690 appears outside Waivio participation; there is significant
change in facts, there is new transactions and new set of facts therefore plaintiff's motion
should be granted. See Harper v. City Chicago Heights 223 F3d 593 601(7th Cir 2001)
"any remedy must accord with constitution".

Issue is not whether "substance of complaints is the same" but whether it appears
defendants falsely and erroneously treat plaintiff as criminal, and this is new facts and
new issues raised which requires reconsideration and new evaluation. Present issue was
not previously argued with defendants because injury appeared with dismissal of case 07-
6690 while  Waivio had limited participation, therefore there are new issues and
significant change in facts and laws which requires reconsideration and continuation of

evaluation on merit. Reconsideration is appropriate because there is significant change in facts and because defendants did not made arguments available to plaintiff and injury appeared with dismissal of case07-6690.

**Defendants did not conform with safe harbor provisions of time.** Order 07/31/08 imply defendants did not allocate time to plaintiff therefore they did not conform safe harbor provisions of rule 11 or Title VII or ADA or any safe harbor. Majority orders were between 06/17/08 and 07/18/08 about one month.

**Key Point**

Defendants failed Rule 15(b)(1) in 07-6690 defendants failed to prove prejudice on merit by plaintiff's claims imply "dismissal with prejudice in case 07-6690" is error because defendants are not prejudiced on merit as proved by facts; order 07/18/08 is error requires reconsideration pursuant *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990) because there is significant change in facts and laws there is evidence in record defendants are not prejudiced on merit therefore plaintiff's claims can not be dismissed with prejudice because defendants failed; Issue is not "whether they appear the same complaint"; issue is whether defendants failed Rule 15(b)(1) and whether there are multiple transactions, new transactions which requires merit evaluation as specific to each transaction as protected by 14th Amendment to US Constitution.

1. Statement "It appearing substance complaint is the same" is mere pretext to unlawful discrimination, it is error because issues requires merit evaluation of multiple transaction and each transaction requires individual evaluation while court order is based on abuse of discretion; defendants appears to induce facts and actions in medical services and in court designated to give "similar appearance" however they are different, and they require merit evaluation in its individuality over the "appearances".

2. It is error "It appearing substance complaint is the same" because it appears order of Guzman 07/10/08 is similar situated to "abuse of discretion", merit was not finalized, and defendants claims are without merit. Issue is for each transaction to be evaluated in its individuality and necessities and issue is not to evaluate all transactions as one. Order 07/18/08 and Guzman order 07/10/08 evaluates all transactions as one and this is error because transactions are different and because each transaction need to be identified in its merit by itself. Evaluation of merit is adversely affected when there is no individual

evaluation of each transaction.

    3. it is error "It appearing substance complaint is the same" because defendants willfully induced appearances and practices as to cover up real motive and decisions; shortly defendants willfully induced evidence and some issues of facts and laws as to induce erroneous decisions". Shortly issues needs to be evaluated on merit with full process; shortly defendants falsely willfully played theater intending such easy conclusion of court; Court error because it made a decision which requires standards of merit and full briefing of merit while applied standards of abuse of discretion of court; shortly based on evidence a jury with 12 lupus people or people of origin Romanian may find different conclusion and imply court error by making decision which appears could not be supported by a jury.

    4. it is error "It appearing substance complaint is the same" because in Guzman issues were opposed by defendants therefore evaluation on merit of lupus transaction was impaired; Guzamn took conclussion on willfully induced controlled decisions by defendants as to impair merit of lupus transactions and to impair differences of transactions; case 08-3948 is not controlled or objected by defendants with respect to merit evaluation therefore there is no "appearing substance is same" to ordinary juror because this is abuse of discretion while matters requires full briefing and merit evaluation; shortly issues can not be established on "post judgment" because issues itself is complex and require procedure and full briefing of parties and evaluation on merit. To juror on this case there is no impairment to merit evaluation therefore to juror on this case issues require full merit evaluation, therefore conclusion as abuse of discretion is error.

    5. It is error "whether it appears transaction 07-6690 ("t2") is same with medical transaction ("t1")"; shortly issues is not t1 appears same to t2, t1 was dismissed with prejudice imply t2 needs to be dismissed with prejudice. Issue is to establish whether t1 is merit for defendants or for plaintiff and bar or not bar copy of such practice; shortly if t1 is for plaintiff t2 should not exist from first place because it is barred by judgment for plaintiff; shortly it is necessary merit evaluation at original issues as to bar or allow copies of practice. Shortly dismissal with prejudice in multiple transactions does not solve issues of "it appears similar" or perpetuation of practice. It is necessary merit final evaluation as to deter copy of practice or to establish clear guidance of law.

6.  Guzman order 07/10/08 established defendants failed to object on merit amendment of complaint pursuant Rule 15(b)(1) which imply present case 08-3948 is not precluded from merit evaluation. Merit evaluation is allowed in full.

7.  Order 07/18/08 establishes that merit evaluation for multiple transactions is "dismissal with prejudice"but this is error because Guzman dismissed claims in 07-6690 but present case 08-3948 has new claims which were not discussed on merit in Guzman imply court is unable to dismiss them with prejudice. It is necessary to establish who is the winner and who is the looser and to establish clear guidance of law. Shortly dismissal with prejudice decision is error in multiple transactions, because practices and pattern are copied or perpetuated. It appears issues were not terminated but continued. Court needs to open case and provide procedure towards final judgment. Court order has inconsistency error in record because there are multiple transactions erroneously terminated by "dismiss with prejudice" this is legal error.

8.  Issue raised whether "issues appears similar" requires merit evaluation and parties full briefing on issues while such matter was not done in Guzman. order 07/18/08 attempts to establish merit conclusion of law without the necessary procedure imply it is error because "post judgment is abuse of discretion" while necessary standards is merit imply court needs to open case as to establish such matters court statements is error of apprehension rather on reasoning pursuant to *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990); court error. Issue "issues appears similar" is outside issues raised by parties imply court needs to allocate procedure.

9.  Order 07/18/08 establishes that there are different substance of issues, there are multiple transactions, it is necessary merit evaluation of multiple transactions "it appears" and this means it is moot Guzman order denies actually order of Guzman and establishes dismissal with prejudice is error because it was treated as one transaction;

10. Order 07/18/08 can be interpreted like: Guzman tried to establishes using one dimension analysis the merit of multiple issues and multiple transactions; Guzman error was that his view was one dimension or one transaction[it appears all transitions were treated as one prejudicing merit evaluation of Waivio claims adversely affecting conclusions of law].

11. Order 07/18/08 establishes complaint 07/11/08 has multiple transactions; multiple

transactions requires merit evaluation therefore multiple dimensions; any evaluation made in just one dimension is moot because it is necessary evaluation in multiple dimensions with merit and all necessities. Guzman order is moot.

12. Guzman treated matters as it appears one transaction; order 07/18/08 sees multiple transactions "are"; the two judges had different views; Guzman view restricted merit evaluation of claims therefore introduced error and order 07/18/08 establishes that error of Guzman was to see multiple transactions as one transaction and treat them the same; issues is to see them in each individuality on merit. Shortly order 07/18/08 reversed Guzman because Guzman tread matters as one transaction when correct was to treat them on merit with multiple transactions and independent dimensions.

13. order 07/18/08 is error It appearing to Court there are [multiple issues] comparative to case dismissed Judge Guzman on July10,08 [which was erroneously treated as " it appears one transaction"](No. 07 C 6690), this case [requires merit evaluation] with multiple transactions each one evaluated in its individuality.

14. Judge Guzman treated all matters as it appearing one transaction adversely affecting merit and evaluation of each transaction; issues needs to be treated as different transactions and needs to be treated on merit with multiple views as to establish conclusions of law and facts imply order 07/18/08 establishes Guzman as incomplete on merit. Shortly order imply that treating different transactions as one transaction adversely affects conclusion of laws therefore merit of case, imply order of Guzman is incomplete.

15. order 07/18/08 established merit evaluation is necessary in multiple transactions and each transaction needs to be treated individually, which was not previously established therefore establishes differences from Guzman which implies order denies Guzman and establishes necessity of merit evaluation for multiple transactions because there are issues of fasts and laws necessary on merit; Order 07/18/08 denies Guzman and imply necessity of case 08-3948 as next step in merit evaluation. Decision to dismiss actually is opposite to issue raised. Evidently solution to continue merit evaluation and allow plaintiff file a complaint is less drastic solution.

16 . Complaints in case 07-6690 declares only body medical injuries; complaint in 08-3948 describes legal injuries Waivio was injured in court procedure of07-6690 by dismissal of case based on her disability adverse reaction of court refusal of medical

services all these are different transaction than matters descried which are implied as included in present situation; today there is injury to Waivio in court transaction 07-6690; injuries are different and they belong to different environments; issues requires argument and evaluation on merit and abuse of discretion standards applied by court in order 07/18/08 is error issues requires merit evaluation and briefing of parties as to establish defendants claims to issues.

17. pursuant to *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990) there is error apprehension rather than reasoning because issues requires merit evaluation while standards of abuse of discretion such as "they appear similar" is insufficient; "they appear" require standards of merit while court applied standards of abuse of discretion imply error in evaluation of matters; issues of evaluation require merit and parties participation. Dismissal is error because it is based on abuse of discretion while issue requires merit with multiple transactions and each transaction evaluated in its individuality.

18. Plaintiff respectfully requests reconsiderations of order 07/18/08; Order 07/18/08 is error; issues is "it appears case 07-6690 was dismissed without prejudice" pursuant to *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990), case 07-6690 has rulings outside of issues presented to Waivio and Waivio appears did not participate in case 07-6690; present court misunderstood issues raised in 07-6690, court misunderstood plaintiff's claims, or court decision is outside adversarial issues presented to parties, or there is significant change in facts or laws or there is error based on apprehension rather than reasoning. Defendants and court07-6690 refused to provide notice or advice about claims, in violation of Fourteen Amendment to US Constitution, due process and right at notice and advice.

19. It is error order 07/18/08 "whether it appears same complaint"; Defendants failed in 07-6690 they failed objection under Rule 15(b)(1) to claim any merit and demonstrate that they are prejudiced on merit by proposed complaint 04/25/07; complaint 04/25/08 stand standards of merit against defendants and defendants had no merit claims against complaint. Imply complaint stood standards of merit. Guzman order 07/10/08 is order affirming merit for complaint and affirming defendants have no claim against proposal 04/25/08; Guzman order 07/10/08 defendants claims appears standards of abuse of

discretion while Waivio complaint stood merit imply Waivio has right to claims because they have merit pursuant to 14th Amendment to US Constitution.

20. Court ruling 07/18/08 is abuse of discretion because court applied order 07/10/08 as rule 8 and Rule 15 only that Rule 8 and Rule 15 are moot because complaint stand merit evaluation and because Rule 15 allow plaintiff to file amendment; complaint 07/11/08 can be dismissed only by merit evaluation and by claims of merit; today record contain no claims by defendants based on merit against Waivio; order Guzman 07/10/08 and order of this court 07/18/08 contain no claim on merit against complaint imply there can not be dismissal with prejudice at this stage.

21. Pursuant to *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990) decision of court is outside adversarial issues presented because plaintiff presented a complaint which requires standards of merit as evaluation while court used false inappropriate standards of abuse of discretion.

22. Defendants failure of Rule 15(b)(1) imply Waivio has all right on merit of all issues of laws and facts in complaint filed 07/11/08 because defendants proved no merit in 07-6690 and court is barred from dismissing with prejudice; shortly court acting under Guzman order 07/10/08 appears acted under Rule 8 and Rule 15(a) while complaint did stand Rule 15(b)(1) defendants failed Rule 15(b)(1) imply court ruling is outside issues presented to court because plaintiff presented issues of merit while court appeared applied less standards than required. only standards which can dismiss compliant 07/11/08 is merit evaluation. Plaintiff requests to allow case to continue or in alternative to allow further amendment as allowed by Rule 15(a).

23. there is no merit claims alleged by defendants in 07-6690 and defendants presented standards of Rule 8 and Rule 15(a)(1) which are standards of no merit evaluation imply defendants failed standards of Rule 15(b)(1) which required to show that defendants are entitled to merit or they will be deprived of merit by amended which means defendants failed merit. WAIVIO WON because Waivio did stand standards of merit and defendants claims are without merit; defendants failed.

26. Court did not establish in 07-6690 that defendants are entitled to judgment or to any merit because defendants failed such claims; defendants are not entitled to dismissal without prejudice; defendants requested termination of action by misconduct of

11

Waivio actions false pleadings in bad faith unlawful discrimination in court procedure.

27. Order 07/03/08 admitted "Plaintiff's motion for reconsideration is granted"; issue raised in 07-6690 is defendants claims are outside adversarial issues presented to court by parties; issues of facts or matters were not presented to Waivio and there is no record to reflect such matters pursuant to *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990) plaintiff is entitled to reconsideration.

28. Issue raised in Guzman was "amending" presentation of facts and proposal of issues of law or facts; it is believed defendants presented to court their pretext to unlawful discrimination, therefore defendants conduct and ruling of Guzman are outside issues raised and plaintiff was not offered possibility of response, argue plead to defendants claims. This is violation of equal protection under law and due process pursuant to Fourteenth Amendment to US Constitution. Court order 07/18/08 is barred by 14th Amendment to US Constitution and Waivio right to equal protection under law and due process of such claims. Plaintiff respectfully requests court to allow plaintiff to proceed with her claims pursuant to 14th Amendment to US Constitution.

### 07-6690 appears outside adversarial issues presented to Waivio

29. Main issue of present motion is whether rulings of Guzman and actions of defendants claims in 07-6690 appears outside adversarial issues presented to Waivio or whether Waivio appears did not participate to 07-6690; about all orders of court are "it appears Waivio did not participate to process 07-6690"; because conclusion is Waivio did not participate to process 07-6690 reconsideration is adequate pursuant to *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990) and present case 08-3948 is appropriate under standards of "reconsideration"; defendants admitted this in order from 07/03/08 they declared "reconsideration is granted" which means it is necessary reconsideration because process 07-6690 was without Waivio or it appears without Waivio right to equal protection under law.

30. Issue of present motion is not "whether there is same complaint" [they are not as proved] but whether issues raised were not presented to Waivio or Waivio appears not participate; reconsideration is necessary because issues were outside adversarial issues presented to Waivio. Orders of Guzman were outside adversarial issues presented to court by parties, they were not presented to Waivio.

31. Posner in Davis v. Ruby foods 269 F3d 818 (7th Cir 2001): issue is whether "complaint made its function"; issue in 07-6690 is whether "trial made its function"; case 07-6690 trial did not made its function because issues were not presented to Waivio. Shortly Rule 8(b) was violated Waivio was not allowed defense or plead to claims of defendants. Any procedure in Appellate court does not change result issues raised were outside of issues presented to Waivio see record.

### WAIVIO was not offered fear opportunity in court 07-6690

32. Plaintiff declares majority of rulings of Judge Guzman in case 07-6690 were based on issues of facts and laws outside adversarial issues presented to Waivio and which are not in record; shortly there is inconsistency between ruling and record; shortly Defendants did not made arguments available to Waivio; this is violation of every rule of court and Rule 12(d), violated Waivio right to notice and advise and rights to equal protection pursuant 14th Amendment US Constitution.

33. Reaction of court to events implies a conclusion; court believes actions presented were willfully induced by defendants; misconduct in medical services is as big as misconduct in court. Therefore it appears there is no Waivio decisions in medical services as there were not in court environment.

34. Order 07/18/08 is error, it is pretext to discrimination because complaint submitted in this case is different than complaint in case 07-6690, contain different transaction and different issues. Complaint in this case contains facts after Middle years of 2007 when Karande refused medical services; facts following defendants refusal is different transaction and is based mainly on Irina Goldvekht misconduct of Waivio medical services and her refusal to provide treatment to specific necessity; as acknowledged recently Goldvekht refused completely any further medical services, therefore she induced another transaction; this transaction was not evaluated on merit in case 07-6690, therefore it creates a new cause of action different than previous issues.

35. Present case also contains transaction in court environment of action 07-6690, which includes unlawful discrimination by defendants in exercise of legal rights based on benefits of employment of Nathan Waivio or it appears Waivio employment benefits with UIC. This transaction was not evaluated on merit in case 07-6690, and it is necessary as to establish and complete merit.

36. Evaluation and completion of evaluation of issues with Irina Goldvekht and issues of unlawful discrimination in court procedure are vital in establishing the merit, therefore reconsideration is appropriate.

**Defendants did not conform with safe harbor provisions ADA Tilele VII**

37. Fact is that on 11-12 June 2008[1] plaintiff was at emergency NCH for water poisoning; before this court had no any previous significant ruling; suddenly following this court introduced a chain of orders and adjudicated case in less than 3-4 weeks. However Waivio is Pro Se, without legal representation and standards of practice requires significant time for merit evaluation; timing and series of events point to violation of safe harbor procedures under ADA Title VII or similar situated standards.

38. On 07/03/08 court raised the issues of attorney [Waivio misunderstood issue as pretext to discrimination] but also scheduled case for August 13,2008 which mean real ruling of court from 07/03/08 was necessity of safe harbor provisions under Title VII and ADA by allowing time for plaintiff. This was the ruling of court. On 07/03/08 court pointed out necessity of safe harbor provisions under federal laws.

39. Facts following 07/08/08 are actually contradicting the original ruling on 07/03/08 shortly orders introduced on 07/03/08[changed ruling] and 07/08/08 and 07/10/08 are in violation of safe harbor provisions because court original ruling In open court for 07/03/08 was rescheduling of case for hearing status on Aug 13, 2008, which means giving time, conforming to safe harbor provisions.

40. Dismissal of case 07-6690 is flagrant violation of 14th Amendment and equal protection under law because court took decision when a previous decision for "safe harbor" was ruled in open court. Termination of case when a previous necessity of safe harbor provision was pronounced by court on 07/03/08 imply violation of Rule 12(d) "fear opportunity" and 14th Amendment violation equal protection claim under law.

41. Considering shout time between hospital emergency and rulings of court, imply unlawful discrimination based on "disability" and dismissal of case, imply again violation of 14th Amendment and equal protection under law. Main conclusion of laws and facts should include disability; shortly order 07/10/08 is error it needs to be reversed and

---

[1] Plaintiff declares under oath on 07/03/08 plaintiff participated at hearing in court of Judge Guzman; Hon Judge Guzman set hearing status for Aug 13,2008[or about this time], and this was the ruling of court; see order 07/08/08 strike scheduling or order 07/10/08

decision to dismiss case is violation of safe harbor provisions. Decision to dismiss case is unlawful discrimination based on disability, national origin gender as pointed by timing and defendants are not entitled to dismissal because violation of safe harbor provisions.

**Safe harbor provisions**

42. This court rescheduled hearing from 08/05/08 to 08/19/08 it is believed in same spirit necessity of safe harbor provisions which originally was pronounced on 07/03/08.Shourtly this court affirmed in reality necessity of safe harbor provision which imply this court should offer understanding and allow case to go forward having knowledge of issues of facts and laws raised. Plaintiff respectfully requests to this Hon Court safe harbor provisions to allow plaintiff procedure for remedy.

43. Satisfaction safe harbor provision means time but also opportunity of correction which means court should allow case to continue to final merit as interest of both parties.

44. It is error order 07/18/08 because issue is not whether "it appears same complaint" but whether defendants appeared to oppose merit evaluation and conclusions of law and facts  in 07-6690 while such merit evaluation, conclusion of law and facts are mandatory required by process in this case because "lupus transaction" is in original complaint. Issue is Hon Judge Guzman and defendants violated Rule 12(d) did not offer plaintiff fear opportunity and order 07/10/08 in 07-6690 contains error which requires correction which deprive Waivio of right to remedy;

45. Order 07/10/08 contains errors and plaintiff has right to present case pursuant to 14th Amendment because court in 07-6690 made errors and did not present conclusions of law with regards to lupus transaction while such transaction continues till today as medical providers deny Waivio medical services. It is necessary conclusions of law specific to lupus transaction as to deter perpetuation and continuance of practice.

46. Issue is not "they appear the same" but what is clear and plain specific to necessities and individualities of "lupus transaction" conclusions of merit evaluation; shortly what is direct conclusion of law for lupus transitions as distinct from any other issue. It is necessary to evaluate differences between transactions because interest is a specific solution and conclusion of law in lupus transaction; absent such conclusion of law defendants continue the practice and others copy defendants.

47. Hon Guzman established defendants claims are unlawful discrimination based on

15

disability, national origin gender, completely denial of plaintiff's means in medical services and in court, per se violation of Title VII ADA and all federal laws; defendants did not conform with safe harbor provisions of Title VII or ADA or principles of safe harbor provisions because defendants did not offer time, patience and defendants claims are solved by "appoint an attorney", they are independent of merit of case, they are not reason for complete denial. Defendants claims do not appear resonable and are contradicted by standards of practice "normally court would give plaintiff one final opportunity", imply defendants actions and claims against plaintiff are more severe than in other cases, imply defendants are using procedure to demonstrate their practice which appears severe comparable with others; shortly others non Romanians non lupus disabled or men appear to receive "one final opportunity" while such opportunity was denied to Waivio based on protected characteristics.

48  Oder 07/10/08 in 07-6690 admitted "the court would give plaintiff one final opportunity" imply plaintiff is entitled to another try; court also acknowledges existence of merit in plaintiff's claims; record of case does not show any positive effort for attorney and no fear possibility for Waivio to amend complaint.

49 Order 07/10/08 court admitted defendants claims are mere pretexts to unlawful discrimination they are not based on Waivio's national origin or gender or disability but on her lack of court representation "court offered attorney" imply attorney is solution to defendants claims and appeal is unnecessary delay; defendants claims are falsely related to Plaintiff's national origin, gender and disability when in essence is abuse of Waivio.

50. Order introduced 06/13/08 and 07/03/08 are false pretext to unlawful discrimination because today plaintiff has no any medical care of any type; Plaintiff has no primary medical doctor and plaintiff has no specialist in necessary fields. Plaintiff believes efforts to find doctors at Lutheran General Hospital or Advocate or "seek other medical providers" are futile because defendants continue unlawful discrimination and others copy defendants practice. Hon Judge Guzan did not provide a solution to plaintiff's medical services and today plaintiff has no means of solution. Appellate Court is not a solution because it requires time and plaintiff is not offered fear opportunity because plaintiff has no medical care.

51. As previously mentioned Irina Goldvekht Lutheran General Hospital

employee managed all plaintiff's medical care and all plaintiff care was with her consent and direct participation. On 08/08/08 plaintiff was informed that Irina Goldvekht refuses any further medical care and plaintiff received a letter of refusal of further services, therefore today plaintiff has no any medical care. Plaintiff is frightened to go to other medical providers because they copy Advocate practice and make injury to Waivio body as predicted based on Advocate practice as described on record.

**Main issue is UIC v. Advocate**

52 . Defendants' claims are "pretext to discrimination" evidence of continue pattern and practice of Advocate.

53. Issue of case is whether Karande is part of UIC and whether UIC appears Waivio employer; shortly whether it appears there is a employment issue or relationship between KArande and Waivio; whether KArande acted "under policy of UIC"; issues is not whether Waivio does not appear suing "any action taken under color of state law" but whether Waivio is suing for actions appear copying UIC policy; whether it appears Waivio suing for Karande continuing UIC policy; Issue is whether Karande continue UIC policy. Internet establishes Karande as representative of UIC, therefore issues are under Title VII and Section 1983.

54 Court again made error in asserting "each amendment plaintiff's complaint becomes vastly longer and more confusing names an increasing number of defendants and violate pleadings stage of Rule 8"; this is error because there are just three parties defendants, FCI, KAEANDE and Advocate; parties are same they do not change; it is false that "vastly longer and confusing" plaintiff is able to write shorter complaint; defendants and court found complaint 01/16/08 as adequate to Rule 8 imply plaintiff proved can write complain to satisfy court. Plaintiff was not offered real opportunity of time; plaintiff respectfully requests to this Hon Court to allow plaintiff fear opportunity to submit another complaint.

55. Issue appears to be "whether defendants copied UIC repeated pattern and Practice of unlawful discrimination"; order 07/10/08 appears to states defendants copied UIC; UIC is academic employment environment while Advocate is medical services environment; Advocate willfully copied UIC practice of unlawful discrimination and this is "Advocate pretext to unlawful discrimination"; Issue of Waivio individual

17

merit with respect of abilities in academic/employment is main point in education and employment at UIC because this is specific to UIC environment; issue of fact of Waivio individual merit with respect medical services is refused to be evaluated by defendants; Shortly facts that defendants "copied [induced willfully simulation of]UIC practice" establishes willful misconduct, false pretext to unlawful discrimination. There is evidence of continue unlawful discrimination against plaintiff based on appears relationship between UIC and Advocate by perpetuated, copied similar pattern and practice and this create cause of actions under Title VII and Section 1983 because such practices were originated in original cause of action Waivio v. UIC 04-C-3545 which was perpetuated and copied in medical services. Original claims were Title VII and Section 1983 while present claims are copied or perpetuated claims therefore liability appears under original laws as common question of law common to UIC and Advocate.

56. Defendants 07-6690 opposed amendment in essence violated Rule 12(d) "fear opportunity" to evaluate merit. Defendants complete denial induced necessity of filing of present case because defendants not only denied amendment but requested dismissal with prejudice too which means denial of all means of Waivio in process 07-6690; this induced present case as necessity induced by defendants.

57.Shortly difference between previous case and present case is that in present case Hon Court has obligation to evaluate issues on merit while in previous case issues were objected by defendants and impaired their evaluation,.

58. Order of protection introduced 06/13/08 amended 07/03/08 contain no facts and no issues merit evaluation appears not final; no conclusion of law and they were not included in order 07/10/08. Defendants contacted court and presented matters only to chambers, they did not made arguments available to plaintiff imply plaintiff did not participate at matters induced by defendants.

59. Shortly issues order of protections 06/13/08 and 07/03/08 are issues outside plaintiff's party. Reconsideration is necessary as to make arguments available to Waivio. Absent facts on record "trial of facts and issues" is without object therefore without merit. Issues needs to be reargued in today process if allowed by defendants.

**New facts, new transactions**

60. There are new facts, new transactions following Karande refusal in middle of year

2007; this facts are about Irina Goldvekht Advocate Lutheran General Hospital Employee, Waivio primary medical provider, starting fall 2006 till June 2008, who refused/misconduct Waivio's primary medical care and who misconduct all plaintiff's medical services starting Fall 2006 till present, and Facts regarding Karande giving plaintiff medication METFORMIN till Feb 2008 and refusing medical treatment while there was real necessity. Goldvekht refused medical treatment, identification and diagnosis of plaintiff's situation till June 2008, while Goldvekht refused totally any medical care following. These matters while they were presented in trial in case 07-6690 there is no record in orders of court of such matters, or record does not directly makes connection to these facts. Defendants needs to argue the matters.

61. Complaint filed 07/11/08 is not same with complaint in case 07-6690. Complaint 07/11/08 contain court environment and transactions in court environment case 07-6690 and transaction in medical environment after Nov 2007; case 07-6690 created new transactions and new causes of action because "dismissal with prejudice of case 07-6690" is injury to plaintiff therefore there is new cause of action; Guzman did not evaluate on merit such "court environment" and transaction in court case 07-6690 because injury appeared after dismissal of case therefore issues of present case are different while Court Judge Guzman did not adjudicate on merit claims in court environment case 07-6690 and issues after Middle 2007; therefore order 07/11/08 is error pursuant to *Bank of Waunakee v. Rochester Cheese Sale Inc* 906 F2d 1185 1191 (7th Cir 1990) court misunderstood plaintiff, or court ruling is outside adversarial issues presented because plaintiff presented to defendants court transaction of case 07-6690 while court ruling excludes evaluation on merit of such transaction.

**Violation Rule 12(d)**

62. Defendants and Guzman did not offer plaintiff fear opportunity pursuant Rule 12(d) to participate to case 07-6690, or to prove that defendants claims on record are mere pretexts to unlawful discrimination. Judge Guzman misunderstood Plaintiff's claims. Pursuant to *Griggs v. Duke Power Co Sup C* "defendants refused or failed to provide to plaintiff a full and fear opportunity to demonstrate by competent evidence that there were not valid reason for plaintiff's rejection"; actions in court are unlawful discrimination, they deprived Waivio from fear opportunity to demonstrate defendants

claims are pretext of discrimination therefore they adversely affected the merit of case.

**Defendants completely deny medical services of any type to Waivio**

63. Defendants completely deny any medical services to Plaintiff. Furthermore they induce others to follow their practice as cover up of unlawful discrimination. Defendants' pretexts are false unlawful discrimination. Defendants lie to court and presented flagrant bad faith pleadings. Court order 07/03/08 is false because there is no any "other medical provider" providing actual medical treatment to plaintiff from KArande time till today [surgery July 12,2007 Charls March was with recommendation of KArande, Charles March is college of Karande and approval of Goldvekht]; Plaintiff declares from Karande 2007 time till today plaintiff had no any actual medical treatment other than treatment offered by Advocate people and medical provider Goldvekht, who is advocate; all others were denied by AETNA insurance. Order 07/03/08 is false insufficent because plaintiff did not receive any actual medical treatment from others because AETNA denied all Waivio medical services while Goldvekht misconduct Waivio medical care; Waivio medical insurance denied to Waivio all medical care.

64. Plaintiff alleges defendants' statements from orders of protection 06/13/08 and 07/03/08 are false disproved by certification submitted 08/08/08. Today no any person from Advocate provide plaintiff with any medical services; they completely denied medical services to Waivio; Plaintiff declares under oath Advocate by its attorney Dayal Anjaly declared "I can not give you medical services" and implied all medical services are denied with respect to Advocate including primary medical care. Advocate is the biggest medical provider and about all medical doctors in domain are in network or related by interest to Advocate imply advocate completely deny medical services to Waivio of any type. Order declaring that plaintiff "is not prohibited from receiving medical care from Advocate and Lutheran General Hospital" is false as acknowledged by attorney representative; Dayal refused any discussion and Lutheran General Hospital's employees refused any medical service. Such order did not provide a solution but completely denied Waivio medical services.

65. Today plaintiff has no primary medical provider and no any medical doctors to provide treatment to induced medical conditions and injuries created by defendants.

66. Order of protection 07/03/08 declaring "plaintiff is not prohibiting from going

to other medical providers" is insufficient and false, pretext to unlawful discrimination because plaintiff did not see other medical providers, as all medical treatments were with recommendation and approval of defendants and Irina Goldvekht, Lutheran employee; furthermore plaintiff is unable to go to other providers because they are making injury to Waivio by coping Advocate practices as cover up of previous issues, creating new causes of actions; shortly plaintiff has no option, there is complete denial as other medical providers have not abilities to cope with injuries made by defendants. Plaintiff's medical insurance denies plaintiff's medical services on similar situated issues as Advocate and defendants and really plaintiff did and does not receive medical treatment.

67. Plaintiff declared that plaintiff today has no medical care and no medical primary Doctor and no medical doctor in field of necessity. Injuries made by defendants are over possibility of recovery of standard practitioner and any plaintiff's efforts to "seek care to other medical providers" is futile because other medical provider can not recover such injuries made by defendants and it is prejudicial to Waivio others copy defendants practice and makes injuries to Waivio body, which imply today there is irreparable harm with respect to Waivio party. Plaintiff has inability to recover harm. Present legal action is necessary. Court misunderstood plaintiff.

68. Similar order 06/13/08 is false because attorney for Karande refused any initiation of contact to Karande and imply further efforts are futile.

69. Similar order 06/13/08 is false because attorney for Rapisarda and FCI refused any initiation of contact to Rapisarda and FCI and imply further efforts are futile.

70. Hon Judge Guzman decision perpetuates discrimination to others and imply further injuries may result while no solution to medical services. Shortly today there is no solution to Waivio medical services while order introduced by Court is unfair to stand to Waivio because appellate procedure without adequate medical care is "unfair opportunity" deprive Waivio of remedy.

71. **Judge Guzman is error; court environment is independent of medical services with respect to medical necessities and individual treatment**

72. Judge Guzman appears to make evaluations in court environment based on no medical evaluation or it appears absence complete of medical matters. Judge Guzman order 07/11/08 did not evaluate on merit court transaction 07-6690; Dismissal of case 07-

6690 created injury to Waivio therefore created a new transaction; this transaction was created after ruling of court on "motion to amend" therefore judge Guzman did not really evaluated on merit transaction in court environment case 07-6690 because such transition had injury in dismissal of case. It can be concluded that Guzman applied standards which are different to standards applied by this Hon Court. Set of facts available to this court are different than sent of facts available to Hon Guzman because "dismissal with prejudice of case 07-6690" as injury appeared after ruling of Guzman, imply "set of facts" in front of this Hon court are different than set of facts in front of judge Guzman.

73. Plaintiff declares under oath on 07/08/08 plaintiff respectfully requests to Hon Guzman to allow plaintiff to file reply to defendants; Court refused to hear to consider plaintiff's request and this adversely affected Waivio. Hon Court did not offer plaintiff a fear opportunity. Hon Court acknowledged "usually court allows amendment" which means court violated standards pro se representation pursuant Lookhart "treat plaintiff Pro Se gently" and treated plaintiff in court procedure by other standards.

74. Hon Judge Guzman did not follow recommendations US Supreme court from Lookhart "treat plaintiff Pro Se gently"; Hon Judge Guzman treated plaintiff as party with attorney with respect to procedure of case, and this violated Waivio right to "fear opportunity" pursuant Rule 12(d) to be allowed to present pertinent evidence in support of claims. Plaintiff has no knowledge of law and plaintiff had no knowledge of procedur.

### No Safe Harbor under ADA

75. Issue security risk is false plaintiff was completely refused adequate treatment, medical record and such refusal continue till today. Plaintiff believes "security issues" are based on refusal of defendants to provide adequate medical treatment to plaintiff and based on fact plaintiff has no medical provider to provide treatment to Waivio; there is refusal of medical services and unlawful discrimination.

76. Plaintiff has right to notice and advise pursuant US Constitution and Pursuant to Bank of Waunakee v. Rochester Cheese Sales Inc 906 F 2d 1185 1191 (7th cir 1990) plaintiff would like to request reconsideration of issue. Issue of "security of risk was not discussed with plaintiff's party". As proved defendants do not know Waivio's medical condition therefore their statements are erroneous.

77. Safe harbor provision is not applicable in cases of total denial of benefits under

law. Plaintiff's argued complete denial of benefits of plaintiff, or complete denial of legal rights under laws by defendants' practice; present case is about completely denial of plaintiff's benefits *See, e.g., Anderson v. Gus Mayer Boston Store of Delaware*, 924 F. Supp. 763 (E.D. Tex. 1996) (holding that safe harbor provision is not applicable in cases of total denial of insurance; **no actuarial risk makes someone uninsurable**; complete denial is a *per se* violation of the ADA's mandate that employers provide individuals with disabilities equal access to insurance coverage). "no actual risk makes plaintiff" without health services. Complete Denial is a per se violation of federal laws.

78. Plaintiff argues defendants specifically intended to use practice as subterfuge" *EEOC v. Aramark Corp.*, 208 F.3d at 271-72 (D.C. Cir.); *Johnson v. K Mart Corp.*, 273 F.3d at 1059 (11th Cir.) (employer could be found to be using the safe harbor as a subterfuge only if plan was adopted after ADA's passage and employer specifically intended to use it as a subterfuge). Defendants in proposed order of protection 07/03/08 did not identify any security issue or its alternative benefits plan or any risk plan. There is complete denial of rights to Plaintiff violation of ADA.

79. "Security or risk" is used falsely, willfully intentionally as pretext to unlawful discrimination. response 07/08/08 were designated to argue matters but defendants refused direct argument. plaintiff has not notice and advice about matters.

80. Plaintiff believes defendants have same false risk policy and such policy was not discussed with plaintiff. Such policy is in violation of safe harbor provision because it is not based on Waivio medical specific situation as defendants had no direct interaction with plaintiff, but of false assumptions outside of medical specific matters therefore false and inappropriate. Plaintiff believes same policy is shared by Waivio's medical insurance and results in complete denial of medical services because insurance follows defendants while defendants have false policy similar situated to insurance. Complete denial of medical services and complete denial of legal services without discussing such matters is violation of ADA and all others federal laws.

**Previous Motion is Repeated**

81. July11,2008 plaintiff opened present case. Plaintiff submitted application financial assistance. Court entered 07/21/08 order denying application dismissing case.

82. Pursuant to BankWaunakee v. Rochester plaintiff respectfully requests

reconsideration of order entered 07/21/08. Hon Court misunderstood plaintiff.

83. Plaintiff desires to submit a new complaint therefore plaintiff respectfully requests to honorable court to allow case to continue and to allow plaintiff to submit another compliant. There are more parties and more issues which need to be argued.

84. Pursuant to Rule 12(d) plaintiff was not offered fear opportunity of participation to case 07-C-6690. Adverse actions resulted in denial of Waivio participation.

85. Order introduced by Hon Judge Guzman on 07/10/08 points to standards of abuse of discretion is not final merit evaluation [other than injuries] and points to Rule 8 FRCP. There is no restriction to issues of rejudccata. Issue of rejudecata needs to be argued by parties and plaintiff believes there is no restriction of rejudecata. Plaintiff has submission from defendants providing evidence in support of present case. Hon Judge Guzman abused discretion and error in process.

86. Order introduced 07/10/08 in 06-C-6690 states that court offered plaintiff possibility of an attorney; but this is false because court did not clearly declared on record such intention before dismissing case while court appeared to transmit plaintiff something else; court did not clearly made record of such matters;  plaintiff believes Hon Judge Guzman misunderstood plaintiff. Plaintiff did not refuse an attorney. Plaintiff desires an attorney.  Plaintiff respectfully requests to this court to allow plaintiff possibility of submission of another complaint.

87. On 07/03/08 court abused plaintiff and misinterpreted one of the plaintiff's submission. Plaintiff was abused by Hon Judge Guzman as court against plaintiff will misinterpreted plaintiff submission to court. Plaintiff filed a motion of withdraw on 07/03/08 but court refused to allow plaintiff to correct such matter.

88. Plaintiff is pro se plaintiff has right to "safe harbor provisions" under TitleVII. Defendants&Judge Guzman refused safe harbor provisions for plaintiff and wrobgly terminated case.

WHEREFOR Rodica Waivio respectfully requests this Hon Court grant her motion of reconsideration, reinstate case allow case to continue or allow an amendment and allow all relief appropriate under law.

Rodica Waivio                                        Date 08/18/08

This is unfinished corrections or modifications may be made later.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3948 | **DATE** | 7/18/2008 |
| **CASE TITLE** | Rodica Waivio vs. Advocate Health Care Network, et. al | | |

**DOCKET ENTRY TEXT**

Plaintiff submitted a complaint [1] and in forma pauperis (IFP) application [4] on July 11, 2008. It appearing to the Court that the substance of the complaint are the same as in the case dismissed with prejudice by Judge Guzman on July 10, 2008 (No. 07 C 6690), this case is dismissed with prejudice and Plaintiff's IFP application is denied.

Docketing to mail notices.

| | Courtroom Deputy Initials: | |
|---|---|---|

08C3948 Rodica Waivio vs. Advocate Health Care Network, et. al

Page 1 of 1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Rodica Waivio

                                    Plaintiff,

v.                                                  Case No.: 1:08−cv−03948
                                                    Honorable Harry D. Leinenweber

Advocate Health Care Network, et al.

                                    Defendant.
_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 31, 2008:

      MINUTE entry before the Honorable Harry D. Leinenweber:Plaintiff's motion for reconsideration now noticed for 8/5/2008 is reset by the court for 8/19/2008 at 09:30 AM. Mailed notice(wp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6690 | **DATE** | 7/10/2008 |
| **CASE TITLE** | Rodica Waivio vs. Advocate Health Care Network, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, plaintiff's motion to amend her complaint [doc. no. 55] is denied and this case is dismissed with prejudice. Any pending motions or schedules are stricken as moot. Case terminated.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|
| | | |

On November 28, 2007, plaintiff, proceeding pro se, filed a nine-page complaint against ten individuals and entities for their alleged violations of section 1981, Title VII, the ADA, Title VI, sections 1983 and 1985, the Fourteenth Amendment and state tort law.  In December 2007, she filed a motion to withdraw that complaint, which the Court granted.  (*See* Minute Order of 12/14/07.)

On December 26, 2007, plaintiff filed a motion to reconsider, saying that she had intended to withdraw only portions of her complaint and wished to proceed by filing a new complaint.  The Court granted the motion and gave her until January 16, 2008 to file an amended complaint.

On January 16, 2008, plaintiff filed a twenty-three-page amended complaint with sixty pages of exhibits against thirteen people and entities for their alleged violations of Title VII, Title VI, Title IX, the Rehabilitation Act, the ADA, sections 1981, 1985 and 1983, the Fourteenth Amendment and state tort law.  When defendants moved to dismiss the amended complaint, plaintiff asked once again to amend her complaint.  On April 4, 2008, when defendants objected, the Court gave Waivio until April 25 to file a motion for leave to amend her complaint along with the proposed amendment.

On April 25, 2008, plaintiff submitted her motion for leave to file and her proposed amended complaint.  The proposed amendment is seventy-one pages long sues nineteen defendants apparently for injuries she allegedly sustained as a result of their acts and omissions in connection with medical care they provided or refused to provide to her.  Specifically, plaintiff alleges that defendants violated:

> [C]onstitutional rights secured by the US Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution to enforce the provisions of 42USC300(e)(b),  Public Health Service Act of 1944 as amended 42USC300w-7, 42USC708 Maternal and Child Heath activities under federal funds pursuant to 42USC708, Age Discrimination Act of 1975, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-5 et seq. ("Title VII"),, 42 U.S.C. § 12101-12514;  Americans with Disabilities Act of 1990, Title III Private Entities ("ADA"), (42 U.S.C § 12181-12189); Section 504 of the Rehabilitation Act of 1973 ("Rehab"), 29 U.S.C. § 794-794a, reg 34CFR Part 104; Americans with Disabilities Act of 1990, Title V of Section 503, and 42 U.S.C. §12203; Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981), Civil Rights Act of 1991 et seq. ("Sec 1981"); 42 U.S.C. § 1983("Sec. 1983"); 735ILCS Civil Procedure; Code of Fed Reg Dep. of, Dep. of Justice, Department of Public Health, Department of Health and Human Services, Civil rights of 1871 "protects people participating in federal procedure", 42USC1895.  Title 42 Chapter 7 Social Security, Social Security Act, Title42 Chapter 117 Encouraging good faith Professional Review Activities; Code of federal rules Title 42; 45CFR46 Protection of Human Subjects; 45CFR46.117 Consent [Waivio did not provide any consent]; This action is under Illinois Constitution and all state laws and all federal laws related to facts and federal matters presented [emphasis on medical malpractice, tort of Deceit Tort of failure to warn, Tort of Concealment], Illinois Health and Safety Law; Illinois Research testing on Human Subjects; Illinois Pharmacy Act; Federal Food and Drug Act; Illinois Food and Drug Safety law; (410 ILCS 250/) Developmental Disability Prevention Act.  Illinois Hospital Licensing Act; 775ILCS Illinois Blacklist Trade Law; Illinois Human Rights Laws; Illinois Human Rights Act; Emergency Medical Treatment and Activity Act (EMTASLA) 42USC1395dd, Social Security Section 1867. Federal Patient Self Determination Act 1990.

(Proposed Am. Compl. of 4/25/08 ¶ 30 [incorrectly numbered ¶ 20] (grammatical and typographical errors original) (footnotes omitted).)  Moreover, in her motion for leave to file the amendment, plaintiff asks the Court:

> [T]o allow a further amendment after acceptance of 'Amended complaint' as to provide a shorter version of this amendment.

Plaintiff acknowledges due to limitations in time which were acknowledged on 04/10/08 Waivio had no time to reduce in size or to correct matters in proposed complaint. This complaint may be necessary to be corrected or modified however plaintiff does not know exactly what are the necessary corrections other than reduction.

(Mot. Leave File Am. Compl. ¶¶ 4-5.)

Defendants say the proposed complaint violates Federal Rule of Civil Procedure ("Rule") 8 because it is "rambling, disjointed, incomprehensible, repetitive . . . unintelligible" and fails to distinguish among the myriad actors and occurrences alleged. (*See* Resp. John Rapisarda & Fertility Ctr. Ill. Mot. Leave Amend ¶ 14.) The Court agrees. "Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotations omitted). "A *pro se* complaint is held to less stringent standards than [those] drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999) (quotation omitted). But that does not mean such pleadings are subject to no standards at all. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) ("The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable."). Even a pro se complaint must be clear enough so a court or opposing party need not "forever sift through its pages in search of what it is that the plaintiff is claiming." *Easley v. Verizon Wireless*, No. 03 C 2969, 2004 WL 2005819, at *2 (N.D. Ill. Aug. 25, 2004) (quotation omitted).

The latest version of plaintiff's complaint – her third – does not meet that minimum standard. Rather, like the complaint in *Easley*, this latest effort:

duplicates its predecessors in substantial respects and, as such, suffers from the same patent deficiencies. Indeed, many paragraphs contained within the first amended complaint are repeated verbatim or nearly verbatim in the second amended complaint. Moreover, much of the second amended complaint consists of precisely the type of allegations that the court instructed plaintiff *not* to include in amending her complaint (*i.e.*, her extensive and profoundly confusing allegations regarding numerous incidents, conversations, *etc.*, virtually none of which aids the court in discerning the nature or contours of plaintiff's claims). Finally . . . , the narrative set forth in her second amended complaint is generally rambling and confusing . . . . [and] contains sentences that range from grammatically improper to utterly nonsensical.

*Id.*

Moreover, as in *Easley*, plaintiff's proposed complaint "fails to make clear the nature, let alone the contours, of [her] purported legal theories/claims." *Id.* at *3. Plaintiff, for example, cites 42 U.S.C. § 1983 and Title VII as bases for her claims, yet she does not appear to be suing for employment discrimination or for any action taken under color of state law. She also invokes a number of statutes and regulations solely by title, providing no clue as to the provisions defendants allegedly violated or the authority for basing a private cause of action on them. Worse, in the midst of the laundry list of statutes and regulations under which she purports to sue, plaintiff generically invokes a host of other unidentified laws: "This action is under Illinois Constitution and all state laws and all federal laws related to facts and federal matters presented . . . ." (Proposed Am. Compl. of 4/25/08 ¶ 30 [incorrectly numbered ¶ 20].)

In short, with each amendment, plaintiff's complaint becomes vastly longer and more confusing, names an increasing number of defendants, and more flagrantly violates the pleading standards of Rule 8. Normally, the Court would give plaintiff one final opportunity to file an appropriate complaint. In fact, the Court offered to appoint a lawyer for her so she could do so. But plaintiff declined that offer and, in the face of her continued unwillingness to even acknowledge, let alone attempt to conform to, the federal pleading standards, any further amendment would

be futile. Therefore, the Court denies plaintiff's motion for leave to file an amended complaint and dismisses this suit with prejudice. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001) ("Although leave to amend a complaint should be freely granted when justice so requires the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." (citation omitted)).

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1**
**Eastern Division**

Rodica Waivio

                                      Plaintiff,

v.                                                          Case No.: 1:07−cv−06690
                                                            Honorable Ronald A. Guzman

Advocate Health Care Network, et al.

                                      Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, July 21, 2008:

        MINUTE entry before the Honorable Ronald A. Guzman: The Court construes plaintiff's "Motion for Extension Time and Rule LR7.1," filed July 18, 2008 [110] as a motion to supplement her Motion for Reconsideration, also filed July 18, 2008 [112]. Thus construed, the Court denies the motion for extension [110] because plaintiff's motion for reconsideration adequately sets forth her position. The Court also denies the motion for reconsideration [112] because it does not set forth any basis for the Court to reconsider its July 10, 2008 Order dismissing this case. Mailed notice(cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.