

**FILED**
Aug 20, 2008
AUG 2 0 2008  YM
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RODICA WAIVIO, )
Plaintiff, ) Case NO: 08-C-3948
v. ) HONORABLE JUDGE
ADVOCATE HEALTH CARE NETWORK, )

ET ALL Defendants.

### Request to Withdraw Amendment submitted 08/18/08

**NOW COMES** Plaintiff, RODICA WAIVIO, in Pro Se representation, and presents her Request to Withdraw Amendment submitted 08/18/08 respectfully states the followings:

1. On 07/30/08 Plaintiff submitted Motion of Reconsideration, included. On 08/18/08 plaintiff submitted an amendment named "Amended Motion of Reconsideration Pursuant to Fourteenth Amendment of US Constitution". There was hearing on 08/19/08.

2. Plaintiff respectfully requests to withdraw amendment made 08/18/08 to original motion reconsideration 07/30/08. Original motion is good and amendment is withdrawn.

3. Plaintiff respectfully requests to Hon Court to consider original Motion of Reconsideration 07/30/08 for ruling of court and plaintiff respectfully requests to Hon Court grant her Motion of Reconsideration filed 07/30/08 because there was no objection or denial by defendants and by Hon Court. Therefore Plaintiff withdraw amendment and plaintiff desires to stay on original motion 07/30/08 and Plaintiff respectfully requests to grant original motion. Statements in court on 08/19/08 were independent of original issues under standards of abuse of discretion as required under reconsideration Pursuant to Bank of Waunakee v. Rochester Cheese 906 F2d 1185 1191 (7th Cir 1990) "there is error of apprehension rather than on reasoning", matter in court is outside issues raised.

4. Motion of reconsideration filed 07/30/08 was adequate. Plaintiff believes "security" introduced on 07/03/08 and issues of "attorney" precipitated facts and events and violated Waivio rights pursuant 14th Amendment in 07-6690.

5. On hearing 08/19/08 defendants declared "this case was dismissed"; however the issue of original motion was "how case was dismissed; issue is case was dismissed unfairly or erroneously"; matter of facts of allegations in complaints were different than facts in court. Waivio was not offered fear opportunity and defendants did not really object this

issue or the original motion. Issue under abuse of discretion needs to be treated as different therefore under abuse of discretion standards, defendants did not object to original motion 07/30/08 therefore original motion should be granted. Denial of all means to Waivio is not on merit objection because defendants willfully induce evidence or process of court therefore it can not be viable. Defendants practice is complete denial to Waivio therefore induce actions in court and events therefore matters appear independent of Waivio. Defendants did not made objection on merit also to original issues.

6. It is error of apprehension Pursuant to Bank of Waunakee v. Rochester Cheese Sale Inc 906 F2d 1185 1191 (7th Cir 1990) defendants' statement because defendants did not object to original motion of reconsideration filed 07/30/08. Waivio participation was restricted or appeared restricted or appeared different, original motion must be granted.

7. Plaintiff presented to court different issues and ruling must be treated as different otherwise there is no "reconsideration". The only fact on hearing was "the case was dismissed" but this means "no-reconsideration" which defeat the purpose of original motion. Therefore issues need reconsideration to be seen as different. Reconsideration requires different views over problems considering 14th Amendment to Constitution.

8. Defendants objection is insufficient and should not be taken as grounds for denial of Waivio's rights because it violates 14th Amendment. Shortly court should grant original motion pursuant to 14th Amendment because defendants did not objected to issues raised.

WHEREFOR Rodica Waivio respectfully requests this Hon Court grant her requests and allow all relief appropriate under law.

*Motion of Reconsideration submitted 07/30/08 is included:*

1. On July 11, 2008 plaintiff opened present case. Plaintiff submitted an application for financial assistance. This court entered on 07/21/08 an order denying such application and dismissing case.
2. Pursuant to Bank of Waunakee v. Rochester Cheese Sale Inc 906 F2d 1185 1191 (7th Cir 1990) plaintiff respectfully requests reconsideration of order entered 07/21/08. Hon Court misunderstood plaintiff.
3. Plaintiff desires to submit a new complaint therefore plaintiff respectfully requests to honorable court to allow case to continue and to allow plaintiff to submit another

compliant. There are more parties and more issues which need to be argued.

4. Pursuant to Rule 12(d) plaintiff was not offered fear opportunity of participation to case 07-C-6690 because court restricted access to plaintiff to court starting to 06/13/08 and 07/03/08 and 07/08/08 and following afterwards. Many times Judge Guzman told to plaintiff to "get out" from court; Judge Guzman violated Waivio's civil rights and misinterpreted plaintiff. Judge Guzaman refused procedure for post judgment. Plaintiff argument was not heard, and refused further hearing for Waivio. Adverse actions resulted in impossibility of Waivio to participate to case 07-C-6690.

5. Hon Judge Guzman refused to allow plaintiff to be heard starting with 07/03/08 and 07/08/08. Hon Judge introduced "security" and afterwards a "caution order" and plaintiff was restricted access to court; actions of court adversely affected plaintiff's participation and interfered with plaintiff activity on case.

6. Order introduced by Hon Judge Guzman on 07/10/08 does not present specific facts and points to Rule 8 FRCP. There is no conclusion of law and there is no conclusion of [particular]facts. Absent such matter there is no restriction to issues of rejudecata. Issue of rejudecata needs to be argued by parties and plaintiff believes there is no restriction of rejudecata. Plaintiff has submission from defendants providing evidence in support of present case. Hon Judge Guzman abused discretion and error in process.

7. Order introduced 07/10/08 in 06-C-6690 states that court offered plaintiff possibility of an attorney; but this is false because court did not clearly declared on record such intention before dismissing case while court appeared to transmit plaintiff something else; court did not clearly made record of such matters; plaintiff believes Hon Judge Guzman misunderstood plaintiff. Plaintiff did not refuse an attorney. Plaintiff desires an attorney. Plaintiff respectfully requests to this court to allow plaintiff possibility of submission of another complaint.

8. Starting with 07/03/08 court in case 07-C-6690 refused to hear the case. On 07/03/08 court abused plaintiff and misinterpreted one of the plaintiff's submission. Plaintiff was abused by Hon Judge Guzman as court against plaintiff will misinterpreted plaintiff submission to court. Plaintiff filed a motion of withdraw on 07/03/08 but court refused to allow plaintiff to correct such matter.

9. Plaintiff is pro se and plaintiff has right to "safe harbor provisions" underTitleVII.

Judge Guzman refused safe harbor provisions for plaintiff and terminated case without to give any possibility to Waivio.

    10. Starting with 07/03/08 plaintiff believes court denied Waivio access to federal procedure; some security issue were not acknowledged to plaintiff and plaintiff was not offer fear opportunity to argue such matters.

    11. Case 07-6690 was terminated suddenly because some "security issues"; starting before or on 07/03/08 Hon Judge Guzman appears suffering of some "security issues" which in some respect were related to "stereotype expectations" of judge; plaintiff believes court misinterpreted plaintiff's statements.

    WHEREFOR Rodica Waivio respectfully requests this Hon Court allow, grant her motion and requests and allow all relief appropriate under law.

Rodica Waivio                            Date 08/20/08

*Rodica Waivio* (signature)